UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

American Family Mutual
Insurance Company,

Plaintiff,

vs. FINAL PRETRIAL ORDER

Shannon Roeger, Brian Roeger
and Brandon Reichert,

Defendants. Civ. No. 00-626 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of December, 2001.

* * *

Based upon Rule 16, Federal Rules of Civil Procedure, the files and documents herein, and the representations of counsel, it is --

ORDERED:

1. That on or before **March 1, 2002**, the parties, by their respective counsel, shall jointly prepare and deliver to the Court Exhibit 1, a statement of the agreed facts of this case, in narrative form. Exhibit 1 will be substantive evidence in the case. Upon commencement of the trial, Exhibit 1 shall be read into

FILED DEC 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK mb

evidence. Except as set forth in Exhibit 1, no further evidence as to the agreed facts may be entered into the record at trial. Appended to Exhibit 1 shall be a list of exhibits to be introduced into evidence at the trial, numbered serially from 2 through 101. Those exhibits shall be agreed to be admissible. They will be admitted and placed in the trial record upon the first reference to the particular exhibit by any party. No other motion or reference to admission need be made.

2. That on or before **March 1, 2002**, counsel for each side shall submit a concise statement of its case-in-chief. Appended to the statement shall be a list of exhibits. Exhibit numbers 102 through 125 shall be reserved to the Plaintiff and exhibit number 126, and continuing as needed, shall be reserved to the Defendant. The exhibit list shall separately identify those exhibits the party expects to offer and those which the party may offer if the need arises.

3. That on or before **March 1, 2002**, any party seeking to offer evidence by deposition shall so advise the opposing parties. Upon such notice, the parties are directed to prepare a joint agreed statement, in narrative form, of the testimony which would be given by the deponent if called as a witness at the trial. The agreed statement is not a concession of the admissibility or the factual accuracy of the deponent's testimony. Absent prior leave

of Court, no deposition testimony may be offered except as provided herein.

4. That on or before **March 8, 2002**, each party shall simultaneously exchange and file with the Court a list disclosing:

a. any objections, together with the grounds therefore, to the use under rule 32(a) of any deposition designated by another party and

b. any objection, together with the grounds therefore, that may be made to the admissibility of any exhibit identified by another party.

The list shall note separately as to each such objection the precise evidence to which objection is made, the applicable rule or case law which governs the objection. Objections not disclosed in accordance with the terms of this paragraph shall be deemed waived unless excused by the court for good cause.

5. That on or before **March 8, 2002**, each party shall exchange and file with the court any motions in limine. Each such motion shall specifically identify the relief sought and shall be accompanied by a memorandum of law, and a proposed order. No party may submit more than three (3) motions in limine. No brief in

support of, or in opposition to, such motion shall be longer than three (3) pages in length, nor may reply briefs by submitted.

6. That on or before **March 1, 2002**, each party shall simultaneously exchange and file with this court a complete list of witnesses to be called during its own case-in-chief. As to each witness, there shall be a short statement as to the substance of the testimony. The list shall separately identify those whom the party expects to present, and those whom the party may call if the need arises.

7. That for witnesses proposed to be experts, the parties are directed to append to Exhibit 1 copies of the curriculum vitae of each such expert. Absent specific leave of the Court, the expert may not present more than five minutes of professional qualification. It is anticipated that in most cases the parties will stipulate to expertise, although in appropriate cases voir dire or cross-examination of an expert's qualification may be permitted; said examination may go beyond the direct oral testimony as to qualification.

8. That all lists of exhibits and witnesses shall be provided to the Court on an Exhibit and Witness List form. A blank form is enclosed and may be photocopied for your use or you may request copies of the form from the Clerk of Courts Office. All documents submitted pursuant to this Order shall be directed to:

Clerk, U.S. District Court
ATTN: Larry Lewis
Room 15E
300 S. Fourth Street
Minneapolis, MN 55415

9. That pursuant to Rule 48, Federal Rules of Civil Procedure, this matter will be heard by a jury consisting of no fewer than eight members with no alternates. In the event of illness or disability, the jury may deliberate with as few as six remaining members, absent further agreement of the parties.

10. That this case is considered ready for trial, and has been placed on the Hon. Chief Judge James M. Rosenbaum's Trial Calendar, commencing **9:00 a.m., on March 18, 2002, in Court Room No. 2, United States Courthouse, Fergus Falls, Minnesota.** Substantive jury instructions, voir dire and special verdict form shall be submitted to the court not later than that date. Counsel shall restrict themselves to submission of particularized instructions touching their substantive claims.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE